UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61094-CIV-COHN/SELTZER



MIREILLE LAMOUR PROPHETE,

      Plaintiff,

v.

EVERETT AUTO BROKERS, INC.,
a Florida corporation,

      Defendant.
_____/

## ORDER GRANTING IN PART MOTION FOR ENTRY OF FINAL JUDGMENT AFTER DEFAULT

**THIS CAUSE** is before the Court upon Plaintiff Mireille Lamour Prophete's Motion for Entry of Final Judgment After Default [DE 18]. The Court has considered the Motion, the accompanying Affidavit [DE 19], Plaintiff's Response to Order Directing Plaintiff to Submit Additional Evidence [DE 21], and the record, and is otherwise fully advised in the premises.

In her Motion, Plaintiff seeks damages in the amount of double the interest charged, or $35,792.66, in her state law usury claim, pursuant to Florida Statutes §687.04. As Plaintiff asserts in her Response [DE 21], her unrefuted allegations have established that the withheld sum of $7,000.00 constitutes an undisclosed finance charge sufficient to establish a violation of the statute. However, in establishing the penalty for usury, the statute differentiates between those cases in which the usurious interest has merely been charged and those in which the interest has actually been taken or exacted. Nothing in the record provides any indication of

whether or not the allegedly usurious interest has actually been collected by the Defendant. Plaintiff was provided with an opportunity to submit any evidence that the interest was collected, but responded that she was "unaware of any additional evidence concerning whether usurious interest had been collected" other than what had been set forth in her previous Affidavit. Absent any such allegations in the Complaint, or supporting evidence submitted to the Court in support of this Motion, the Court must conclude that the interest has not been paid to the Defendant. Thus, the only remedy available under Florida Statutes §687.04 is that only the actual principal sum of the loan may be enforced in any Florida court. Although this Court may enter judgment in favor of the Plaintiff on this claim, finding that the Defendant violated §687.04, Plaintiff cannot receive monetary damages on this claim.

Plaintiff also seeks actual damages in the amount of $7,000 pursuant to the federal Truth in Lending Act. This sum is alleged to be the amount of the undisclosed finance charges in the transaction, and is properly recoverable under TILA.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment After Default [DE 18] is **GRANTED in part and DENIED in part**. Final judgment in the amount of $7,000.00 is supported by the allegations and the record, and will be entered by separate Order. It is further

**ORDERED AND ADJUDGED** that the Court shall reserve jurisdiction to tax attorney's fees and costs, as permitted under TILA. Plaintiff is directed to file any

such Motion for attorney's fees and costs on or before **August 4, 2008**. It is further

**ORDERED AND ADJUDGED** that any pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of June, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record